**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TENNESSEE**
**CHATTANOOGA DIVISION**

IN RE:  CASE NO.: 1:15-BK-14361-SDR
  CHAPTER 13

**SHARON RENE ROBERTS,**
    **Debtor,**

_____/

## HOME POINT FINANCIAL CORPORATION'S OBJECTION TO DEBTOR'S MOTION TO AMEND MOTION TO DEEM CURRENT

Home Point Financial Corporation, ("Secured Creditor"), by and through its undersigned attorney, hereby files its Objection to Debtor's Motion to Amend Motion to Deem Current ("Objection"), and respectfully states as follows:

### FACTS AND PROCEDURAL HISTORY

1. On October 15, 2020, the Debtor filed a Motion to Deem Mortgage Current Combined with Debtor's Request for Sanctions, Injunctive Relief, and Other Appropriate Relief.

2. On November 25, 2020, Home Point Financial Corporation filed its Objection to Debtor's Motion to Deem Mortgage Current Combined with Debtor's Request for Sanctions, Injunctive Relief and Other Appropriate Relief.

3. On February 4, 2021, the Court entered a Scheduling Order setting an evidentiary hearing on the Debtor's Motion and set certain deadlines for discovery, dispositive motions and pretrial disclosures.

4. On March 29, 2021, Home Point Financial Corporation served a Notice of Deposition of Sharon Rene Roberts noticing Ms. Roberts' deposition on April 29, 2021.

5. On March 29, 2021, the Debtor served Requests for Admissions of Facts and First Request for Production of Documents to Home Point Financial Corporation.

6. On March 29, 2021, Home Point Financial Corporation served its First Set of Interrogatories and Requests for Production of Documents on Debtor, Sharon Rene Roberts.

7. On April 7, 2021, the Debtor took the deposition of Darrelyn Thomas, an employee of Robertson, Anschutz, Schneid & Crane, LLC., and former counsel for Home Point Financial Corporation.

8. On April 28, 2021, Home Point Financial Corporation served its Responses to the Debtor's

9. On April 28, 2021, Debtor's counsel advised of a Cov-id outbreak in his office and the Parties filed a Joint Motion to Extend the Discovery Deadlines.

10. On April 30, 2021, Home Point Financial Corporation served a Notice of Deposition of Sharon Rene Roberts noticing Ms. Roberts' deposition on May 25, 2021.

11. On May 4, 2021, the Court entered an Agreed Order Extending Discovery Deadlines to May 31, 2021.

12. On June 14, 2021, the Court entered a Scheduling Order setting a deadline of June 30, 2021 for filing a Joint Pretrial Statement, deadlines for disclosure of expert witnesses on July 1, 2021, rebuttal witnesses on July 14, 2021, discovery related to expert witnesses on July 28, 2021, dispositive motion deadline of July 28, 2021, witness and exhibits lists on September 29, 2021, trial briefs on October 1, 2021, and setting the trial on October 20, 2021.

13. On July 8, 2021, the Parties filed Joint Pretrial Statement, in which the Parties stipulated to the facts and admissibility of exhibits and outlined the contested facts and legal issues for the Court.

14. On July 28, 2021, Home Point Financial Corporation filed a Motion for Summary Judgment, Statement of Undisputed Material Facts, and Memorandum of Facts and Law in Support of Motion for Summary Judgment.

15. On August 11, 2021, the Debtor filed a Motion to Amend Motion to Deem Current seeking to Amend her Motion to Deem Current Combined with Debtor's Request for Sanctions, Injunctive Relief, and Other Appropriate Relief.

16. In support of her Motion to Amend Motion to Deem Current, the Debtor states that she is simply clarifying the underlying arguments supporting her claims and to plead with

particularity distinct elements of her assertions. However, a review of the proposed Amended Motion reflects that the Debtor is seeking to add additional facts, alternate theories of recovery and requests for damages.

## LAW AND ARGUMENT

On October 15, 2020, the Debtor filed her Motion to Deem Mortgage Current Combined with Debtor's Request for Sanctions, Injunctive Relief and Other Appropriate Relief seeking an Order from this Court declaring her mortgage current and asking the Court to find that her mortgage payments were current, award sanctions against Home Point Financial Corporation related to an Informational Mortgage Statement sent to the Debtor by Home Point Financial Corporation on September 30, 2020, and to enjoin Home Point Financial Corporation from sending her monthly statements "attempting to collect erroneous amounts due".  Thereafter, through her responses to discovery and deposition, the Debtor also cited to two additional Information Statements sent to her by Home Point Financial Corporation on November 30, 2020 and December 16, 2020. Throughout the course of litigation over the last 10 months, the Debtor has never cited to any facts to support that she has incurred any actual damages.  In fact, the parties are in agreement that the mortgage is current, that all of the payments made by the Debtor on her mortgage through the Plan have been posted to her account and that the Debtor has not made any payments on the mortgage other than those that were due.  Joint Pretrial Statement, . ¶ ¶ 16,17, 19 and 20).   The Debtor's primary complaint in this litigation has been that Home Point Financial Corporation sent her demands for payments citing to the Informational Statements, although they state on their fact that they are not attempts to collect a debt and that they may not reflect all of the payments made by the Chapter 13 Trustee. As reflected in the Joint Pretrial Statement, however, the Debtor agrees that Home Point Financial Corporation posted all of the payments made by the Chapter 13 Trustee, that she has never made any additional payments and that the mortgage is current.

On July 28, 2021, pursuant to the deadlines set in the Scheduling Order, Home Point Financial Corporation filed a Motion for Summary Judgment, which is pending before the Court.  On August 11, 2021, the Debtor filed a Motion to Amend Motion to Deem Mortgage Current and is seeking an Order

from this Court allowing her to amend her motion and assert new facts, theories of recovery and claims for damages. At no time over the last ten months has the Debtor sought to amend her pleadings to give Home Point Financial Corporation notice of these new theories of recovery.

Motions for summary judgment may not be granted until the parties have had an opportunity for discovery. *Tucker v Union of Needletrades, Industrial*, 467, F.3d 784,788. [B]y the time a case is ready for summary judgment, "the gravamen of the dispute [has been] brought frankly into the open for inspection by the court." *Id*., citing *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512-13, 122 S. Ct. 992, 152 L.Ed.2d 1 (2002). Once a case has progressed to the summary judgment stage, the liberal pleading standards under the Federal Rules are inapplicable. *Tucker*, at 788, citing *Gilmour v Gates, McDonald & Co.*, 382 F.3rd 1312, 1315 (11th Cir. 2004)(holding that a plaintiff could not raise a new claim in response to a summary judgment motion); see also 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2723 (3d ed. Supp.2005) ("A non-moving party plaintiff may not raise a new legal claim for the first time in response to the opposing party's summary judgment motion.) *Id*. "To permit a plaintiff to do otherwise would subject the defendants to unfair surprise. *Tucker*, at 788, citing *Guiffre v Local Lodge No. 1124*, No. 90-3540, 1991 WL 135576, at *5 (6th Cir. July 24, 1991) (unpublished)( refusing to hear claims raised for the first time in opposition to summary judgment because, "[h]aving received no notice of them, the defendants had no opportunity to investigate them when they conducted their own discovery."), see also *EEOC v. J.H. Routh Packing Co.*, 246 F.3d 850,854 (6th Cir. 2001)(stating that even under the liberal notice-pleading regime, the Federal Rules of Civil Procedure still require "that the complaint give the defendant fair notice of the claim and its supporting facts")., *Tucker*, at 788.

The Sixth Circuit Court of Appeals has clearly held that a non-moving party may not amend her pleadings in response to a motion for summary judgment. In this case, the Debtor had ample opportunity during the last ten months of litigation to amend her pleadings to assert any alleged claims she may have against Home Point Financial Corporation. It was not until discovery was complete and the motion for summary judgment was filed that the Debtor sought to amend her pleadings. Allowing amendment of the

Debtor's pleadings at this late juncture in the litigation would be unfairly prejudicial to Home Point Financial Corporation since it has had no notice of the Debtor's additional claims, allegations of facts, theories of recovery and claims for damages, and therefore has had no opportunity to take discovery related to these claims so that it can prepare a defense. The relief sought by the Debtor is not permissible and therefore should be denied.

WHEREFORE, Home Point Financial Corporation prays that this Honorable Court deny the Debtor's Motion, and for such other and further relief to which it may be entitled.

                                              Respectfully submitted,

                                              /s/ Holly N. Knight
                                              Holly N. Knight (017940)
                                              Attorney for Home Point Financial Corporation
                                              8161 Hwy 100 PMB 286
                                              Nashville, TN 37221
                                              (615) 345-0328
                                              hknight@knightlawpllc.com

**CERTIFICATE OF SERVICE**

       **I HEREBY CERTIFY** that on August 27, 2021, I electronically filed the foregoing Objection to Debtor's Motion to Amend Motion to Deem Current with the Clerk of Court by using the CM/ECF system, and a true and correct copy has been served via CM/ECF or United States Mail to the following parties:

Sharon Rene Roberts
774 Hancock Road NE
Cleveland, TN 37323
Debtor

Richard L. Banks
Richard Banks & Associates, PC
393 Broad Street NW
PO Box 1515
Cleveland, TN 37311
Debtor's Attorney

Kara L. West
Chapter 13 Trustee
P. O. Box 511
Chattanooga, TN 37401

United States Trustee
Kim Swafford
Nicholas B. Foster
Historic U.S. Courthouse
31 E. Eleventh Street
Fourth Floor
Chattanooga, TN 37402

                                                              /s/ Holly N. Knight
                                                              Holly N. Knight